SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Danny James Cohea, | No. CV 1-07-00469-SRB |
| Plaintiff, | **ORDER** |
| vs. | |
| California Dep't of Corr. & Rehabilitation, et al., | |
| Defendants. | |

This case was reassigned to the undersigned judge on November 24, 2008. (Doc.# 10.)[1] Plaintiff Danny James Cohea, who is confined in the California State Prison in Corcoran, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.) The Court will order Defendants Torres and Scribner to respond Plaintiff's claim in his Complaint for violation of his due process rights in connection with the confiscation of property pursuant to regulations and policies and will dismiss the remaining claims and Defendants without prejudice.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

---

[1] "Doc.#" refers to the docket number of filings in this case.

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.   Complaint

Plaintiff ostensibly alleges four counts. Each concerns the confiscation of allowable personal property, accumulated by Plaintiff while housed at "New Folsom Prison" (NSP), following his transfer to CSP. Plaintiff sues the California Department of Corrections and Rehabilitation (CDC); L.E. Scribner, the Warden of California State Prison at Corcoran (CSP); Jonathan Buckley, Appeals Co-ordinator; and CSP Corrections Officer Torres. Plaintiff seeks declaratory and compensatory relief.

Plaintiff alleges the following facts: Between March 21, 1994 and October 27, 2004, Plaintiff was confined in NFP in Sacramento. (Doc.# 1 at 4.) While confined in NFP, Plaintiff accumulated personal property, which was allowable at NFP, from sanctioned sources, e.g., approved vendors. (Id.) On October 26, 2004, NFP officers packed all of Plaintiff's property, including legal materials, preparatory to Plaintiff's transfer to CSP the next day. (Id. at 5, 10.) At the time, CDC policies provided that "'the sending institution shall *administer* the inmate's disposition of property not allowed at the receiving institution.'" (Id., quoting California Code of Regulations (CCR), title 15, § 3190(c) (italics added)). NSP officers packed up all of Plaintiff's property without identifying any of the property as not allowable at CSP. On October 27, 2004, Plaintiff was transferred to CSP.

Plaintiff's property did not arrive at CSP until December 6, 2004. On December 12, 2004, Plaintiff was escorted to Receiving & Release (R&R) to claim his transferred property. (Id. at 5-6.) On arrival at R&R, Plaintiff found Officer Torres unpacking his property and separating out items that were allegedly not allowed at CSP and therefore considered contraband.[2] (Id. at 6.) Torres listed some but not all of the confiscated property on a

---

[2] Plaintiff does not describe the personal property confiscated.

- 2 -

1  "Property Transfer Receipt," but refused to provide Plaintiff with a copy of the receipt.[3] (Id.
2  at 7.) Officer Peck issued Plaintiff an "R&R Mail-Out Disposal Notice," giving him 30 days,
3  or until January 12, 2005, to pay $23.31 to have his excess property mailed out from the
4  prison, although Plaintiff was indigent. (Id. at 8.) Prison officials thereafter disposed of
5  Plaintiff's excess personal property as provided under prison regulations.

6  On February 9, 2006, Plaintiff was transferred to Calipatria State Prison (Calipatria).
7  (Id. at 12.) Plaintiff's property was not transferred there until March 2, 2006, and Plaintiff's
8  only set of tennis shoes was confiscated as contraband, although the shoes had apparently
9  been allowed property at CSP and had not been designated as not allowed by CSP, i.e., the
10 sending institution, at the receiving institution, Calipatria. (Id. at 13.) Plaintiff was again
11 limited to one cubic foot of legal materials in his cell. (Id. at 12.)

12 Plaintiff alleges that because NFP, as the sending institution, did not designate any of
13 his property as not allowed at CSP, the receiving institution, all of his property should have
14 been allowed at CSP. He contends that under Scribner's policies regarding transferred
15 inmate property, Torres was able to confiscate his property at CSP, and unidentified staff was
16 able to confiscate his shoes at Calipatria in violation of his due process and equal protection
17 rights. Plaintiff also alleges that the confiscation of his personal property constituted a taking
18 without just compensation in violation of the Fifth Amendment. Plaintiff contends that he
19 was denied access to the courts based on the denial of access to his stored legal materials.
20 Finally, Plaintiff alleges that his First Amendment right to petition for redress of grievances
21 was violated.

22 **III.    Failure to State a Claim**

23 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

---

[3] Plaintiff was "only" allowed six cubic feet of personal property and one box of legal material in his cell at CSP. (Id. at 12.) The balance of Plaintiff's legal materials was placed in institutional storage pursuant to Department Operations Manual (DOM) §§ 54030.0 and 54030.9.1, and he was thereafter denied access to those materials while held at CSP. (Id.)

1  conduct about which he complains was committed by a person acting under the color of state
2  law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
3  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a "'plaintiff generally must assert his
4  own legal rights and interests, and cannot assert the legal rights or interests of third parties.'"
5  Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting
6  Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, a plaintiff must allege that he
7  suffered a specific injury as a result of the conduct of a particular defendant and he must
8  allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.
9  Goode, 423 U.S. 362, 371-72, 377 (1976). Negligence by a defendant acting under color of
10 state law is not sufficient to state a claim under § 1983. Daniels v. Williams, 474 U.S. 327,
11 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); see
12 Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002). To the extent that Plaintiff
13 alleges that any Defendant acted negligently, he fails to state a claim.

**A.   CDC**

15 Plaintiff sues the CDC. The CDC is not, however, a proper Defendant under § 1983.
16 Under the Eleventh Amendment to the Constitution of the United States, a state or its
17 agencies may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp.
18 v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
19 "In the absence of waiver by the state or a valid congressional override, '[u]nder the Eleventh
20 Amendment, agencies of the state are immune from private damage actions or suits for
21 injunctive relief brought in federal court.'" Dittman v. State of California, 191 F.3d 120,
22 1025 (9th Cir. 1999) (quoting Mitchell v. Los Angeles Community College Dist., 861 F.2d
23 198, 201 (9th Cir.1989)). The State of California has not waived its Eleventh Amendment
24 immunity with respect to claims brought under § 1983 in federal court, see Atascadero State
25 Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), and the United States Supreme Court has held
26 that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity, Kentucky
27 v. Graham, 473U.S. 159, 169 n. 17 (1985). The State of California and its arms, such as the

- 4 -

CDC, also are not "persons" within the meaning of § 1983. See Pennhurst, 465 U.S. at 106; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996); see also Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Accordingly, the CDC will be dismissed.

### B.     Buckley

Plaintiff sues grievance Appeals Co-ordinator Jonathon Buckley. Plaintiff alleges that Buckley failed to respond to his grievance appeals concerning the confiscation of his property by Torres. An inmate does not have a protected liberty interest in prison grievance procedures because there is no free-standing constitutional right to a grievance process. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 493 (8th Cir. 1993) (*per curiam*); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, Plaintiff fails to state a claim against Buckley and he will be dismissed as a Defendant.

### C.     Petition for Redress of Grievances

Plaintiff asserts a violation of his right to petition for redress of grievances. Inmates have the right to petition for redress of grievances and to file suit without being subjected to retaliation. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Thus, an inmate may state a constitutional violation where he alleges that a grievance was denied in retaliation for exercising a constitutionally-protected right, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), or in retaliation for filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). As noted above, however, an inmate does not have a protected liberty interest in prison grievance procedures. Antonelli, 81 F.3d at 1430; Adams, 40 F.3d at 75; Buckley, 997 F.2d at 493; Mann, 855 F.2d at 640.

Plaintiff does not allege facts to support that any Defendant retaliated against him for filing a grievance. At most, he only alleges that he was denied an adequate grievance procedure. Plaintiff therefore fails to state a constitutional claim for violation of his right to petition for redress of grievances.

### D.     Equal Protection

Plaintiff also asserts that his equal protection rights have been violated. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A state practice that interferes with a fundamental right or that discriminates against a suspect class of individuals is subject to strict scrutiny. Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); Hydrick v. Hunter, 466 F.3d 676, 700 (9th Cir. 2006). Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis therefor. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Conclusory allegations do not suffice. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff appears to contend that his equal protection rights were violated under the regulations and policies concerning transferred inmate property because his excess legal materials were placed in storage and he was denied access to those materials, which he contends was discriminatory. Plaintiff fails to allege facts to support that he has been treated differently, for intentional and arbitrary treatment, than similarly-situated individuals or that he is a member of a suspect class. Inmates do not constitute suspect class. See Webber v. Crabtree, 158 F.3d 460, 460 (9th Cir. 1998). For these reasons, Plaintiff fails to state a claim for violation of his Equal Protection rights.

### E.     Access to the Courts

Although not so denominated, Plaintiff also appears to contend that the lack of access to his stored legal materials violated his constitutional right of access to the courts. The right of meaningful access to the courts prohibits state officials from actively interfering with an

inmate's attempt to prepare or to file legal documents. Lewis v. Casey, 518 U.S. 343, 350 (1996). That right, however, only encompasses the right to bring a petition or complaint to federal court and not to discover or even effectively litigate claims once filed with a court. Id. at 354; see Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.")  The right "guarantees no particular methodology but rather, the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action. Id. at 351-53. That is, an inmate must establish that he suffered an "actual injury" when he alleges that he was denied access to a paralegal or a law library. See Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348. In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present. Id. at 351-53.

Plaintiff alleges that he was denied access to stored legal materials while he was at CSP when he had a deadline to file a response to a dispositive motion in Cohea v. Pliler, No. CV 00-2799-FCD (EFB). Review of the docket for that case reflects that the dispositive motion was denied based on Plaintiff's assertions that prison officials denied him access to his legal materials. (See doc.# 61 in CV 00-2799-FCD (EFB)). Plaintiff did not, therefore, suffer any actual injury. Plaintiff otherwise fails to allege facts to support that the lack of access to his legal materials as CSP or Calipatria prevented him from filing any contemplated challenge in state or federal court or that he otherwise suffered an actual injury, i.e., actual prejudice to contemplated or existing litigation. For these reasons, he fails to state a claim for denial of access to the courts.

### F. Takings Claim

Plaintiff alleges a violation of the Fifth Amendment's takings clause, which prohibits the taking of private property for public use without just compensation. U.S. Const. amend. V. "In order to state a claim under the Takings Clause, a plaintiff must first demonstrate that he possesses a 'property interest' that is constitutionally protected." Schneider v. California Dep't of Corr. , 151 F.3d 1194, 1198 (9th Cir. 1998). Additionally, a prisoner must allege facts to support that property was taken for public use. Allen v. Wood, 970 F.Supp. 824, 831 (E.D. Wash. 1997). For example, a law that requires interest earned on inmate accounts to be diverted to a general fund that benefits all inmates may constitute a taking under the Fifth Amendment. See Schneider, 151 F.3d at 1201. Thus, a prisoner property claim implicates the Fifth Amendment Takings Clause only where the prisoner alleges that prison officials took his personal property and converted it for public use. It is only then that a person is entitled to just compensation. Allen, 970 F.Supp. at 831.

Although Plaintiff adequately alleges that he had a property interest in his confiscated property, he fails to allege facts to support that his property was taken for any public use. Plaintiff therefore fails to state a Fifth Amendment Takings claim.

## IV. Claim for Which an Answer Will be Required

Plaintiff alleges that his property was confiscated and disposed of pursuant to prison regulations and official policies of Warden Scribner without affording Plaintiff pre-deprivation due process. He alleges that he was afforded only 30 days in which to pay to have his excess property mailed out, although that was far less than the period to fully grieve official action, such as the confiscation of his property, pursuant to Chapter 5, Article 43 of DOM § 54100.12. Defendants Scribner and Torres will be required to respond to this claim.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

1   a motion for other relief with a notice of change of address. Failure to comply may result in
2   dismissal of this action.

3       **B.    Copies**

4   Plaintiff must submit an additional copy of every filing for use by the Court. See
5   LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further
6   notice to Plaintiff.

7       **C.    Possible Dismissal**

8   If Plaintiff fails to timely comply with every provision of this Order, including these
9   warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
10  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
11  comply with any order of the Court).

12  **IT IS ORDERED:**

13  (1) Defendants California Department of Corrections and Rehabilitation and
14  Buckley and all of Plaintiff's claims, except his claim for deprivation of property without due
15  process, and are **dismissed** without prejudice. (Doc.# 1.)

16  (2) Defendants Scribner and Torres must answer Plaintiff's claim for deprivation
17  of property without due process. (Doc.# 1.)

18  (3) The Clerk of Court must send Plaintiff a service packet including the
19  Complaint (doc.# 1), this Order, a Notice of Submission of Documents form, an instruction
20  sheet, and copies of summons and USM-285 forms for Defendants Scribner and Torres.

21  (4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and
22  return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit
23  with the Notice of Submission of Documents: a copy of the Complaint for each Defendant,
24  a copy of this Order for each Defendant, a completed summons for each Defendant, and a
25  completed USM-285 for each Defendant.

26  (5) Plaintiff must not attempt service on Defendants and must not request waiver
27  of service. Once the Clerk of Court has received the Notice of Submission of Documents and

28  - 9 -

**JDDL**

the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 26th day of February, 2009.

_____
Susan R. Bolton
United States District Judge

- 10 -