SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| Danny James Cohea, | No. CV 1-07-00469-SRB |
| Plaintiff, | **ORDER** |
| vs. |   |
| California Dep't of Corr. & Rehabilitation, et al., |   |
| Defendants. |   |

Plaintiff Danny James Cohea, who is confined in the California State Prison in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.) The Court screened the Complaint and ordered Defendants Torres and Scribner to respond Plaintiff's claim for violation of his due process rights in connection with the confiscation of property pursuant to regulations and policies and dismissed the remaining claims and Defendants without prejudice. (Doc.# 11.)[1] Plaintiff submitted documents to effect service on these Defendants and the Court ordered service by the U.S. Marshal's Service on these Defendants. (Doc.# 16.) Plaintiff has filed two motions for reconsideration of the dismissal of claims and Defendants. (Doc.# 17, 18.) Except for the inclusion of

---

[1] "Doc.#" refers to the docket number of filings in this case.

JDDL

exhibits to the second motion, doc.# 18, the motions appear identical.[2] Plaintiff's motions for reconsideration will be denied.

**I.     Standard for Reconsideration**

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

**A.     CDCR**

The Court dismissed Plaintiff's claims against the CDCR based on Eleventh Amendment immunity. (Doc.# 11.) In his motion for reconsideration, Plaintiff contends that he only named the CDCR because he was unable "to establish" the name of the CDCR director at the time he filed his Complaint. (Doc.# 17 at 3.) He states that he has since been able to learn the name of the Director, Jeanne Woodford, whom he had intended name. Plaintiff requests "reconsideration of the named Defendant 'CDCR' ordered by the Court dismissed without prejudice be amended from 'CDCR' to 'CDCR's Director of Corrections Jeanne S. Woodford'" pursuant to Rules 15(c)(3) and 17(a) of the Federal Rules of Civil Procedure. (Id. at 3) (emphasis in original). That is, Plaintiff asks the Court to vacate dismissal of the CDCR and to substitute Jeanne Woodford as a Defendant in place of the CDCR. (Id.)

Even if Plaintiff did not know the Director's name at the time he filed this suit, he

---

[2] The Court does not consider the exhibits because in determining whether a complaint states a claim, the Court considers only the allegations contained in the complaint.

- 2 -

1 could have fictitiously named a John or Jane Doe holding the position as Director, as a
2 Defendant. The CDCR is not a substitute for its Director and, as previously stated, CDCR
3 is not a proper Defendant in a § 1983 action. Plaintiff's motion for reconsideration of the
4 dismissal of CDCR will be denied.

5 **B.    Woodford**

6 Plaintiff repeatedly seeks reconsideration of the dismissal of claims as to CDCR
7 Director Woodford. Woodford was not named as a Defendant in the Complaint, nor were
8 any claims alleged against her in the Complaint. Further, as discussed above, the Court
9 declines to reconsider dismissal of the CDCR and to substitute Woodford in its place. If
10 Plaintiff wishes to amend his Complaint to name additional Defendants, such as Woodford,
11 he must file a motion to amend and submit a proposed amended complaint. Because
12 Woodford was not named as a Defendant in the Complaint and has never been dismissed,
13 there is no basis to grant reconsideration as to her.

14 **C.    Grievance Procedure**

15 Plaintiff also seeks reconsideration of the dismissal of Buckley. In the Complaint,
16 Plaintiff alleged that Buckley failed to respond to Plaintiff's grievance appeals concerning
17 Torres's confiscation of Plaintiff's property. The Court dismissed this claim because inmates
18 do not have a free-standing constitutional right to a grievance process. The Court noted that
19 Plaintiff did not allege facts to support that Buckley, or anyone else, retaliated against him
20 for filing a grievance.

21 In his motion for reconsideration, Plaintiff contends that the Court missed the
22 gravamen of his claim against Buckley, which he identifies as the violation of Plaintiff's right
23 to petition for redress of grievances in Count IV of the Complaint. (Doc.# 17 at 4.) Plaintiff
24 contends that in returning Plaintiff's grievance appeal to Plaintiff "un-process, un-addressed,
25 or un-responded to," Buckley was chilling or silencing Plaintiff's "future First Amendment
26 activities" and retaliating against Plaintiff for filing a grievance. (Id. at 5.) In his motion for
27 reconsideration, Plaintiff appears to contend that Buckley returned Plaintiff's grievance to

28 - 3 -

JDDL

1    him without a response in retaliation for Plaintiff's filing of an earlier case, Cohea v. Pliler,
2    CV00-2799 FCD(EFB).[3]  Plaintiff did not allege facts in his Complaint to support that
3    Buckley rejected Plaintiff's grievance appeal in retaliation for filing CV00-2799 or to chill
4    or silence Plaintiff's right to seek redress of grievances. Plaintiff merely alleges that he did
5    not receive a response from Buckley regarding his appeal and the appeal was returned to him.
6    That is not sufficient to state a claim for violation of the right to petition for redress of
7    grievances or retaliation.
8         Plaintiff also asserts that, contrary to the Court's Order, the United States Supreme
9    Court has "somewhat created" a protected liberty interest in prison grievance procedures
10   citing Woodford v. Ngo, 548 U.S. 81 (2006), and Jones v. Bock, 549 U.S. 199 (2007).
11   Plaintiff is mistaken. In Ngo, the Supreme Court held that inmates must properly exhaust
12   available prison grievance procedures under the Prison Litigation Reform Act (PLRA) to
13   avoid dismissal of civil rights claims; the Court did not hold that the establishment of a
14   prison grievance system created a constitutionally-protected liberty interest. 548 U.S. at 85.
15   In Bock, the Supreme Court held that while exhaustion by an inmate of a claim is mandatory
16   under the PLRA, a prisoner-plaintiff is not required to specially plead exhaustion in his
17   complaint. 549 U.S. at 211-12. The Supreme Court did not hold that the establishment of
18   a prison grievance system created a constitutionally-protected liberty interest. In short, in

---

[3] Plaintiff asks the Court to take judicial notice of certain filings in that case, specifically dockets 55, 61, and 62. Docket 55 is the Magistrate Judge's Findings and Recommendations (F&R) to deny the defendants' motions to dismiss and for summary judgment and to require the defendants to respond to Plaintiff's obstruction accusations. Docket 61 is the district court's adoption of the F&R. Docket 62 is the defendants' response to Plaintiff's accusations of obstruction in which defendants represented that Plaintiff's documents had been returned to him. The Magistrate Judge granted the defendants leave to file another motion to dismiss and summary judgment, doc.# 63. Taking judicial notice of filings in one of Plaintiff's other cases cannot be used to cure deficiencies in the Complaint before *this* Court in *this* case. If Plaintiff seeks to rely on additional facts not included in the Complaint filed in *this* case, he must file a motion to amend and submit a proposed amended complaint.

neither Ngo or Bock did the Supreme Court find a freestanding liberty interest in the establishment of a prison grievance process. Plaintiff's motion for reconsideration will be denied as to his claim against Buckley.

### D.     Equal Protection

Plaintiff also seeks reconsideration of the dismissal of his Equal Protection claim against Defendant Scribner. Plaintiff asserts that "pro se (prisoner) litigants" who are transferred are a "suspect class" for purposes of the Equal Protection clause. Plaintiff is mistaken. A suspect class refers to classifications based upon characteristics such as race, ancestry, or gender. See Kahawaiolaa v. Norton, 386 F.3d 1271, 1277 (9th Cir. 2004). Pro se prisoner litigants do not constitute a suspect class. Plaintiff has not otherwise identified a basis for reconsideration of the dismissal of his equal protection claims.[4] Reconsideration of the dismissal of Plaintiff's Equal Protection claims will be denied.

### E.     Access to the Courts

Plaintiff also seeks reconsideration of the dismissal of his access to the courts claim against Defendant Scribner. In his Complaint, Plaintiff in part alleged that he was denied access to stored legal materials while he was at CSP during a period when he had a deadline to file a response to a dispositive motion in Cohea v. Pliler, No. CV 00-2799-FCD (EFB). This Court noted that a review of the docket in that case reflected that the dispositive motion was denied based on Plaintiff's assertions that prison officials denied him access to his legal materials. (See doc.# 61 in CV 00-2799-FCD (EFB)). The Court further noted that Plaintiff had otherwise failed to allege facts to support that the lack of access to his legal materials at CSP or Calipatria prevented him from filing any contemplated challenge in state or federal court or that he otherwise suffered an actual injury, i.e., actual prejudice to contemplated or existing litigation. (Doc.# 11 at 7.)

---

[4] Plaintiff cites Gomez v. Vernon, 255 F.3d 1118 (9th Cir. 2001) in support of reconsideration of his Equal Protection claim. However, Gomez concerned alleged *retaliation*, not violation of equal protection.

- 5 -

Plaintiff seeks reconsideration of the dismissal of his access to the courts claim based on additional specific facts in his motion for reconsideration that were not contained in the Complaint. In the motion, Plaintiff states that on March 8, 2006, the magistrate judge in CV00-2799-FCD (EFB) issued F&R that was adopted by the district court on March 31, 2006, doc.# 78, which dismissed two defendants. Plaintiff asserts that he was unable to file an objection to the F&R due to the lack of access to his legal file. Plaintiff also cites several other filings in CV00-2799-FCD (EFB), which allegedly impinged upon his ability to take discovery or file other objections in that case. These facts were not contained in the Complaint. If Plaintiff wishes to allege additional facts to support a claim for denial of access to the courts, Plaintiff must seek leave to amend by filing a motion and submitting a proposed amended complaint that includes those facts. He may not attempt to amend the Complaint by asserting additional facts in a motion for reconsideration. Accordingly, reconsideration will be denied as to Plaintiff's denial of access to the courts claim.

**F.     Takings**

Finally, Plaintiff seeks reconsideration of the dismissal of his takings claim against Scribner. In dismissing Plaintiff's takings claim, the Court stated that while Plaintiff had adequately alleged a property interest in confiscated property, he had not alleged facts to support that his property was taken for a public purpose. (Doc.# 11 at 8.) Plaintiff seeks reconsideration on the basis that he did not sign a release for disposition of his property that was confiscated as contraband. Plaintiff appears to contend on that basis that the confiscation was for a public use. Plaintiff's assertion that confiscation of his property constituted a public use is vague and conclusory. Accordingly, Plaintiff fails to establish a basis for reconsideration of the dismissal of his takings claim.

**II.    Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

- 6 -

a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's motions for reconsideration are **denied**.  (Doc.# 17, 18.)

DATED this 7th day of October, 2009.

_____
Susan R. Bolton
United States District Judge

- 7 -