IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

| | |
|---|---|
| Danny James Cohea, | ) |
| Plaintiff, | ) No. 07-CV-0469-SRB |
| vs. | ) |
| California Department of Corrections and Rehabilitation, et al. Defendants. | ) **ORDER** |

Defendants have filed a Motion to Dismiss (Doc. # 22) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust prison administrative remedies and 28 U.S.C. § as required by 42 U.S.C. § 1997e(a) and under 28 U.S.C. § 1915(g) on the ground that Plaintiff was not entitled to proceed in forma pauperis in this action.

**NOTICE--WARNING TO PLAINTIFF**

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]***

Defendants' Motion to Dismiss seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure will, if granted, end your case. When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence. Moreover, if Defendants produce admissible evidence demonstrating that you

---

[1] *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

failed to exhaust available administrative remedies, your complaint will be dismissed without prejudice unless your response to Defendants' Motion includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you. Types of admissible evidence may include copies of your grievances, grievance responses and sworn declarations.

Written opposition to a motion to dismiss under Rule 12(b) must be filed not more than eighteen days after the date of service of the motion to dismiss, plus three days if service is by mail. Local Rule 78-230(m) provides that failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion. . ."

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' Motion to Dismiss as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action without prejudice pursuant to Rule 78-230(m) of the Local Rules of Civil Procedure. *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion to Dismiss, together with copies of grievances, sworn declarations or other admissible evidence, no later than 21 days from the October 15, 2009 date of Defendants' Motion to Dismiss.

**IT IS FURTHER ORDERED** that the Motion to Dismiss will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

DATED this 20th day of October, 2009.

_____
Susan R. Bolton
United States District Judge