**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Danny James Cohea, | No. CV-07-0469-SRB (PC) |
| Plaintiff, | **ORDER** |
| vs. | |
| California Department of Corrections and Rehabilitation, et al., | |
| Defendants. | |

*Pro se* Plaintiff Danny James Cohea is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). At issue is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) and 28 U.S.C § 1915(g) ("Defs.' Mot.") (Doc. 22). For the reasons that follow, the Motion to Dismiss is granted.

**I.    BACKGROUND**

Plaintiff was confined in New Folsom Prison ("NFP") in Sacramento from March 21, 1994, to October 27, 2004. (Compl. at 4.) While confined in NFP, Plaintiff accumulated permissible personal property from sanctioned sources. (*Id.*) On October 26, 2004, NFP officers packed all of Plaintiff's property, including legal materials, in preparation for Plaintiff's transfer to California State Prison at Corcoran ("CSP"). (*Id.* at 5.) At the time,

1  CDCR policies provided that "'the sending institution shall administer the inmate's
2  disposition of property not allowed at the receiving institution.'" (*Id.*, quoting Cal. Code
3  Regs., title 15, § 3190(c)). NFP officers packed all of Plaintiff's property without identifying
4  any of the property as not allowable at CSP. (*Id.* at 5-6.) On October 27, 2004, Plaintiff was
5  transferred to CSP. (*Id.* at 5.)

6  Plaintiff's property did not arrive at CSP until December 6, 2004. (*Id.* at 6.) On
7  December 12, 2004, Plaintiff was escorted to Receiving & Release (R&R) to claim his
8  transferred property. (*Id.*) On arrival at R&R, Plaintiff found Officer Torres unpacking his
9  property and separating out items that were not allowed at CSP and therefore considered
10 contraband. (*Id.*) The items confiscated as contraband were not designated as contraband by
11 NFP when Plaintiff's property was packed. (*Id.* at 6-7.) Torres listed some, but not all, of the
12 confiscated property on a "Property Transfer Receipt" and refused to provide Plaintiff with
13 a copy of the receipt. (*Id.* at 7.) Plaintiff received an "R&R Mail-Out Disposal Notice,"
14 giving him 30 days, or until January 12, 2005, to pay $23.31 to have his excess property
15 mailed out from the prison. (*Id.* at 8.) As Plaintiff understood it, the grievance process took
16 "at least one-hundred and fifty (150) days to complete . . . ." (*Id.*) Plaintiff was indigent, and
17 as a result, his property was disposed of on January 12, 2005, as provided under prison
18 regulations. (*Id.* at 7-8.)

19 On February 9, 2006, Plaintiff was transferred to Calipatria State Prison
20 ("Calipatria"). (*Id.* at 12.) Plaintiff's property was not transferred to Calipatria until March
21 2, 2006, and officers at Calipatria allegedly confiscated Plaintiff's only set of tennis shoes.
22 (*Id.* at 13.)

23 According to Plaintiff's Complaint, on December 21, 2004, Plaintiff filed a grievance
24 regarding the December 12, 2004, confiscation of property. (*Id.* at 22; *see also* Doc. 18, Ex.
25 D, Pl.'s Req. for Interview, CDC 602 Grievance Form dated Dec. 20, 2004). Plaintiff asserts
26 that the grievance was returned to Plaintiff unopened without any response on December 29,
27 2004. (*Id.* at 23.) Plaintiff alleges that he immediately sent copies of the appeal to both the
28 CSP Appeals Coordinator's Office, the Warden's office and Officer Torres in R&R. (*Id.*) The

1  CSP Appeals Coordinator, who maintains records of all appeals filed by inmates at CSP, has
2  no record of a first or second level appeal filed by Plaintiff. (Defs.' Mot., Decl. of J. Jones
3  ("Jones Decl.") ¶ 11.) In addition, the Inmate Appeals Board ("IAB") has no record of any
4  grievance submitted by Plaintiff regarding the December 12, 2004, confiscation of his
5  personal property. (Decl. of N. Grannis ("Grannis Decl.") ¶¶ 8-9.)

6      Plaintiff also alleges that he filed an administrative grievance regarding the
7  confiscation of his property following his February 9, 2006, transfer from CSP to Calipatria.
8  (Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Resp.") at 64.) Plaintiff asserts that the
9  Calipatria Appeals Coordinator "screened-out" Plaintiff's grievance, instructing Plaintiff that
10 "your issues should be addressed to your former institution . . . ." (*Id.* at 64 (internal
11 quotations omitted).)

12 **II.   LEGAL STANDARDS AND ANALYSIS**

13     **A.   Motion to Dismiss for Failure to Exhaust Administrative Remedies**

14     Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with
15 respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a
16 prisoner confined in any jail, prison, or other correctional facility until such administrative
17 remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1996); *see also Woodfood
18 v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA exhaustion requirement requires proper
19 exhaustion."). Accordingly, "a prisoner must complete the administrative review process in
20 accordance with the applicable procedural rules, including deadlines, as a precondition to
21 bringing suit in federal court." *Woodford*, 548 U.S. at 88. Exhaustion is mandatory, under the
22 revised PLRA, not left to the district court's discretion. *Id.* at 84. The exhaustion requirement
23 applies to all claims related to prison life that do not implicate the duration of the prisoner's
24 sentence. *See, e.g., Porter v. Nussle*, 534 U.S. 516, 524-32 (2002); *Roles v. Maddox*, 439
25 F.3d 1016, 1018 (9th Cir. 2006); *see also Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)
26 (characterizing the confiscation of prisoner's legal materials as a "condition[ ] of . . . prison
27 life"). Failure to exhaust is an affirmative defense that defendants must raise and prove. *See
28 Jones v. Bock*, 549 U.S. 199, 212-17 (2007) (explaining that inmates are not required to plead

specifically or demonstrate exhaustion in their complaints); *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005); *Wyatt v. Terhune*, 315 F.3d 1108, 1117-19 (9th Cir. 2003). A failure to exhaust defense is properly raised through an unenumerated Rule 12(b) motion; courts can, therefore, look to evidence outside the record and decide disputed issues of fact. *See Brown*, 422 F.3d at 939 n.13; *Wyatt*, 315 F.3d at 1119-20. If the court concludes that administrative remedies have not been exhausted, the proper remedy is dismissal of the claim without prejudice. *Wyatt*, 315 F.3d at 1120.

An inmate's "available" administrative remedies may be exhausted where prison officials prevent the inmate from using the administrative appeals process. *Nunez v. Duncan*, 591 F.3d 1217, 1229 (9th Cir. 2010). However, where an inmate has not "shown that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed" an inmate has not exhausted administrative remedies. *Woodford*, 539 F.3d 1180, 1110 (9th Cir. 2008). Exhaustion is a fact specific inquiry. *See Brown*, 422 F.3d at 935-36. In some circumstances, a lack of response to an inmate's administrative grievance does not render administrative remedies unavailable. *See, e.g.*, *Godoy v. Wadsworth*, No. CV 05-02913 NJV, 2010 WL 366640, at *6 (N.D. Cal. Jan. 26, 2010) (finding the evidence "not sufficient to excuse exhaustion" where it was disputed whether Plaintiff actually filed a grievance and Plaintiff presented no evidence, other than an alleged failure to respond, that "prison officials prevented Plaintiff from filing his [appeal]; interfered with the delivery, receipt, or processing of the [appeal] in some way; or provided misleading or inaccurate information regarding the inmate appeal process to Plaintiff"); *Flores v. Figures*, No. 1:08-cv-01415-LJO-YNP PC, 2009 WL 3626436, at *4 (E.D. Cal. Oct. 29, 2009) (finding "if Plaintiff's first level grievance was returned to him, Plaintiff could still have submitted his grievance for second or third level review"); *Crane v. Evans*, No. C 07-00763 JF (PR), 2009 WL 3072460, at *3 (N.D. Cal. Sept. 22, 2009) (finding an inmate failed to exhaust the available administrative remedies where there was no evidence that the Appeals Coordinator received the grievance and the inmate "offer[ed]

1 no explanation as to why he did not pursue the lack of response . . . or that no remedies
2 remained available to him at the time").[1]

3 Under California law, inmates "may appeal any departmental decision, action,
4 condition, or policy which they can demonstrate as having an adverse effect upon their
5 welfare." Cal. Code Regs., tit. 15 § 3084.1(a) (2007). Sections 3084.1 through 3084.7 of
6 Title 15 of the California Code of Regulations lay out the administrative procedures prisoners
7 must follow. Four levels of appeal are involved, including the informal level, first formal
8 level, second formal level, and third formal level, also known as the "Director's Level." *Id.*
9 § 3084.5. The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). An inmate
10 must submit an appeal within fifteen days of the event or decision being grieved, using the
11 required form and "describ[ing] the problem or action requested." *Id.* §§ 3084.2(a), (a)(1),
12 (b), 3084.6(c). The administrative remedy is exhausted after completion of the third level,
13 the Director's Level of Review. *Id.* § 3084.1(a).

14 Plaintiff alleges that Defendants confiscated his personal property without due process
15 following his October 26, 2004, transfer from NFP to CSP and again following his February
16 9, 2006, transfer from CSP to Calipatria. Plaintiff failed to exhaust the available
17 administrative remedies following both alleged incidents.

18 While Plaintiff alleges that he filed an administrative grievance regarding the
19 confiscation of his property following the February 9, 2006, transfer, Plaintiff also alleges
20 that the Calipatria Appeals Coordinator "screened-out" Plaintiff's grievance, instructing

---

[1] The Court notes that in other circumstances a failure to respond to an inmate's grievance may result in a lack of available administrative remedies and satisfaction of the exhaustion requirement. *See, e.g.*, *Thomas v. Sheppard-Brooks*, No. 1:06-cv-01332-LJO-YNP PC, 2009 WL 3365872, at *3-4 (E.D. Cal. Oct. 16, 2009) (finding Plaintiff exhausted the available administrative remedies when prison officials failed to respond to the Plaintiff's appeal, which was undisputably received, within the procedural time constraints); *Kons v. Longoria*, No. 1:07-cv-00918-AWI-YNP PC, 2009 WL 3246367, at *3-4 (E.D. Cal. Oct. 6, 2009) (same); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting).

- 5 -

Plaintiff that "your issues should be addressed to your former institution . . . ." (Pl.'s Resp. at 64 (internal quotations omitted).) In order to exhaust the available administrative remedies, Plaintiff needed to submit his administrative grievance to his former institution as instructed in the Appeals Coordinator's response. (*See* Grannis Decl. ¶¶ 6-8.)

Plaintiff also alleges that he filed a grievance regarding the December 12, 2004, confiscation of property on December 21, 2004. (Compl. at 22; *see also* Doc. 18, Ex. D, Pl.'s Req. for Interview, CDC 602 Grievance Form dated Dec. 20, 2004). According to Plaintiff, the grievance was returned without any response on December 29, 2004, at which time Plaintiff sent copies of the appeal to the Appeals Coordinator's Office, the Warden's office and Officer Torres in R&R. (*Id.* at 23.) The CSP Appeals Coordinator has no record of a first or second level appeal filed by Plaintiff (Jones Decl. ¶ 11.) In addition, the IAB has no record of any final level appeal submitted by Plaintiff regarding the confiscation of his personal property. (Grannis Decl. ¶¶ 8-9.)

Here, Plaintiff does not allege sufficient facts indicating that no further administrative remedies were available. It is undisputed that Plaintiff never proceeded to the final level of review, and no evidence shows that the Appeals Coordinator ever received Plaintiff's administrative grievance at the first level of review. Defendants have produced evidence demonstrating that no grievance was ever received. (*See* Grannis Decl.; Jones Decl.) Even accepting Plaintiff's allegation that he mailed his grievance and then resubmitted it, there is no indication that the grievance was received or ignored by prison officials. Further, Plaintiff was familiar with the grievance process and could have sought further administrative review to remedy any failure to respond.[2] *See Flores*, 2009 WL 3626436, at *4 (noting Plaintiff could have sought further review following a failure to respond and finding he had not exhausted his administrative remedies); *Crane*, 2009 WL 3072460, at *3 (same). Here, Plaintiff has not "shown that administrative procedures were unavailable, that prison officials

---

[2] An important policy concern behind the PLRA's exhaustion requirement is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

1 obstructed his attempt to exhaust or that he was prevented from exhausting because
2 procedures for processing grievances weren't followed," and as a result, Plaintiff has not
3 demonstrated that his failure to exhaust was excusable. *Woodford*, 539 F.3d at 1110. As a
4 result, Plaintiff's Complaint is dismissed without prejudice for failure to exhaust the available
5 administrative remedies. *See Wyatt*, 315 F.3d at 1119 ("If the district court concludes that the
6 prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim
7 without prejudice.").

### B. Motion to Dismiss for Improper In Forma Pauperis Status

Plaintiff's Complaint is dismissed pursuant to Rule 12(b) for a failure to exhaust available administrative remedies. As such, Defendant's Motion to Dismiss for improper in forma pauperis status is denied as moot.

**IT IS ORDERED** granting Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) (Doc. 22).

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment of dismissal without prejudice.

DATED this 22nd day of March, 2010.

_____
Susan R. Bolton
United States District Judge